IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RAFAEL GRAJALES VALENCIA and all others similarly situated under 29 U.S.C. 216(B),** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 3:14-cv-01045-N |
| **MAHROUQ ENTERPRISES INTERNATIONAL (MEI), INC. d/b/a M.E.I. INC. d/b/a AUTOMAX, HUSSEIN MAHROUQ a/k/a SAM MAHROUQ a/k/a HUSSEIN K. MAHROUQ** | § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES

Defendants **MAHROUQ ENTERPRISES INTERNATIONAL (MEI), INC. dba M.E.I. INC. dba AUTOMAX** ("Automax") and **HUSSEIN MAHROUQ aka SAM MAHROUQ aka HUSSEIN K. MAHROUQ** ("Mahrouq") (collectively "Defendants") file their Answer to Plaintiff's Complaint:

### I. ANSWER TO ALLEGATIONS

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring an action under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA"). Defendants deny that their actions violated the FLSA and deny that Plaintiff is entitled to any relief whatsoever.

2. Defendants deny the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. With respect to the allegations contained in Paragraph 3 of the Complaint, Automax denies that it regularly conducts business in Dallas County. The Complaint vaguely uses the terms "respective period of employment" and "relevant time period" without defining such terms, therefore, Automax lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and denies same. The remaining allegations in Complaint Paragraph 3 also contain legal conclusions to which no response is necessary. Mahrouq lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, therefore, denies same.

4. With respect to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that Mahrouq is an officer of Automax but deny that he is an "employer" as such term is defined by the FLSA. The Complaint uses the vague phrases "runs the day-to-day operations" and "relevant time period" without defining such terms, therefore, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint and deny same. The remaining allegations in Complaint Paragraph 4 also contain legal conclusions to which no response is necessary.

5. Defendants deny that they committed any act or omission giving any basis for an alleged "dispute" and, therefore, deny the allegations of Paragraph 5 of the Complaint.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, Defendants admit that Plaintiff purports to bring this action under the laws of the United States and seeks collective treatment. Defendants deny that Plaintiff is entitled to any relief in this action and deny that collective treatment is appropriate. Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7. With respect to the allegations contained in Paragraph 7 of the Complaint, Defendants admit the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), but deny that the Plaintiff is entitled to any relief under the FLSA.

8. With respect to the allegations contained in Paragraph 8 of the Complaint, Defendants admit that Plaintiff purports to quote from 29 U.S.C. § 207(a)(1). Defendants deny that the quotation contained in Paragraph 8 of the Complaint is complete or accurate.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is necessary. Nevertheless, Defendants admit that Automax is an employer covered by the FLSA. Defendants deny that Mahrouq is an "employer" as such term is defined by the FLSA.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is necessary. Nevertheless, Defendants admit that Automax is an employer covered by the FLSA. Defendants deny that Mahrouq is an "employer" as such term is defined by the FLSA.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is necessary. Nevertheless, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## II. AFFIRMATIVE DEFENSES

17. Without waiving the foregoing Answer, pleading in the alternative, and pursuant to Rule 8(c) of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants assert the Plaintiff's claims

are barred in whole or in part by, *inter alia*, the following affirmative defenses and other defenses:

### A. Failure to State a Claim Upon Which Relief can be Granted

Plaintiff fails to state a claim under the FLSA upon which relief can be granted.

### B. Statute of Limitations

To the extent Plaintiff has any claim (which is expressly denied by Defendants), such claim is barred, in whole or in part, by the applicable statutes of limitation.

### C. Absence of Willful Violation--Two Year Limitations

If Defendants are found to have violated the FLSA, which violations Defendants deny, Defendants neither knew that their conduct violated the FLSA nor showed reckless disregard for whether their actions complied with the Act. Consequently, Defendants' actions were not "willful" and the appropriate statute of limitations should be 2 years pursuant to 29 U.S.C. 255(a).

### D. Exemption from Overtime Requirements of the FLSA

Plaintiff's claims are barred to the extent Plaintiff is exempt from the FLSA under any exemption, including but not limited to, 29 U.S.C. § 213(b)(10) and the applicable regulations.

### E. Lack of Commonality Due to Company Policy

Defendants have a documented policy that requires non-exempt employees to record all hours worked. Any allegation that individuals did not comply with this policy states an individual claim and does not state a policy or practice for which a collective action is appropriate.

### F. Good Faith Reliance on Regulatory Action

If Defendants are found to have failed to pay Plaintiff any amount due, which violation Defendants deny, any act or omission giving rise to such failure was in good faith and Defendants acted at all times in conformity with, and in reliance on information given them by an investigator or other responsible representative of the Federal Government or on written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Administrator or any administrative practice or enforcement policy of the Administrator while that ruling was in effect.  Consequently, pursuant to 29 U.S.C. § 259, Defendants are not subject to any liability or punishment for such failure.

### G. Good Faith and Reasonable Grounds

If Defendants are found to have failed to pay any Plaintiff any amount due, which violation Defendants deny, any act or omission giving rise to such failure was in good faith and Defendants had reasonable grounds for believing that their act or omission did not violate the FLSA.  Consequently, Defendants are not liable for liquidated damages, pursuant to 29 U.S.C. § 260.

### H. Estoppel

Plaintiff is estopped from seeking wages for hours worked that he did not report to Defendants.

### I. Unclean Hands

All or parts of Plaintiff's claims are barred under the doctrines of unclean hands and/or estoppel.

### J. No Similarly Situated Employees.

Collective treatment for this action is inappropriate as there is no class of employees similarly situated to Valencia.

### K. Inadequate and Unsuitable Class Representative

Even if collective treatment for this action were appropriate, Valencia cannot adequately represent the putative members of the collective group and is not a suitable class representative.

### III. OTHER MATTERS

18. Any allegations contained in the Plaintiff's Complaint which have not been previously admitted or denied in the preceding paragraphs are hereby specifically denied in their entirety.

19. Defendants reserve the right to supplement their affirmative defenses based upon information obtained through discovery.

### IV. PRAYER

**WHEREFORE**, Defendants **MAHROUQ ENTERPRISES INTERNATIONAL (MEI), INC. dba M.E.I. INC. dba AUTOMAX** and **HUSSEIN MAHROUQ aka SAM MAHROUQ aka HUSSEIN K. MAHROUQ** respectfully request the Court to: dismiss, with prejudice, all claims asserted against them by the Plaintiff; render a judgment that Plaintiff take nothing by way of his suit; grant Defendants such other and general relief to which they may be entitled; and award to Defendants their costs incurred in this Action.

Respectfully submitted,

*/s/ James Hunter Birch*
James Hunter Birch
State Bar No. 00797991
jim.birch@klgates.com
John M. Farrell
State Bar No. 24059735
john.farrell@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: 214-939-5500
Telecopier: 214-939-5849

Grey Pierson
State Bar No. 16002500
greypierson@piersonbehr.com
PIERSON BEHR ATTORNEYS
301 West Abram Street
Arlington, Texas 76010
Telephone: 817-265-7771
Telecopier: 817-861-9008

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of April, 2014, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

J.H. Zidell
J.H. Zidell, P.C.
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240
Telephone: 972-233-2264
Telecopier: 972-386-7610
Email: zabogado@aol.com

*/s/ John M. Farrell*
John M. Farrell