IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL GRAJALES VALENCIA and all others similarly situated under 29 U.S.C. 216(B), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 3:14-cv-01045-N |
| MAHROUQ ENTERPRISES INTERNATIONAL (MEI), INC. d/b/a M.E.I. INC. d/b/a AUTOMAX, HUSSEIN MAHROUQ a/k/a SAM MAHROUQ a/k/a HUSSEIN K. MAHROUQ | § § § § § § § | |
| Defendants. | § | |

## JOINT STATUS AND SCHEDULING REPORT

Pursuant to the Federal Rules of Civil Procedure and the Court's Order Requiring Status and Scheduling Conference dated March 27, 2014 (Doc. 10), Plaintiff Rafael Grajales Valencia ("Plaintiff") and Defendants Mahrouq Enterprises International (MEI), Inc. ("Automax") and Hussein "Sam" Mahrouq ("Mahrouq") (collectively "Defendants") hereby file this Joint Status Report as follows:

**a)  BRIEF STATEMENT OF THE NATURE OF THE CASE AND THE CONTENTIONS OF THE PARTIES:**

PLAINTIFF:  These claims sound under the Fair Labor Standards Act ("FLSA") as set forth in the Complaint, and seek damages for unpaid overtime, along with liquidated damages as well as attorney fees, costs and interest.

DEFENDANTS:  Defendants deny Plaintiff's claims and contend that Plaintiff was correctly compensated under the FLSA.  Mahrouq further contends that he does not qualify as an "employer" as such term is defined by the FLSA.  Finally, Defendants deny that collective

treatment is appropriate in this case as Automax does not employ any other employees that are similarly situated to Plaintiff and there is no Automax policy or practice that violates the FLSA such that collective treatment would be a more efficient method of adjudicating the putative class' claims.

b)  **THE STATUS OF SETTLEMENT DISCUSSIONS (EXCLUDING ANY DISCUSSION OF AMOUNT):**

PLAINTIFF:  The parties have begun settlement discussions but not yet resolved the case. At this point, the Plaintiff believes that settlement discussions will be more fruitful after the completion of some initial discovery.

DEFENDANTS:  The Defendants have taken the Plaintiff's initial demand under consideration. While Defendants currently believe it would be an injustice to pay any amount in settlement of this claim, Defendants continue to evaluate the case.

c)  **POSSIBLE JOINDER OF PARTIES:**

PLAINTIFF:  Possible, but unlikely at this time.

DEFENDANTS:  Defendants do not believe that any additional parties should be added, including, but not limited, to any additional plaintiffs added by virtue of collective treatment. Collective treatment is not appropriate as there is no class of employees that are similarly situated to Plaintiff and there is no Automax policy or practice that violates the FLSA such that collective treatment would be a more efficient method of adjudicating the putative class' claims.

d)  **ANY ANTICIPATED CHALLENGES TO JURISDICTION OR VENUE:**

None.

e)  **DATE BY WHICH THE CASE WILL BE READY FOR TRIAL AND ESTIMATED LENGTH OF TRIAL:**

PLAINTIFF: November 2015; 2-4 days.

DEFENDANTS: This matter is not suitable collective treatment, given the unique circumstances of the Plaintiff and his claims. Therefore, Defendants believe that this case can be ready for trial no later than May 2015. Defendants estimate the Plaintiff's individual claims can be tried in 2-3 days.

f) **THE DESIRABILITY OF ADR AND THE TIMING OF ADR:**

PLAINTIFF: Plaintiff feels mediation would be most effective during the early stages of discovery

DEFENDANTS: At this time, Defendants do not believe that ADR would be effective. However, Defendants are willing to reconsider ADR after the opportunity to conduct initial discovery.

g) **ANY OBJECTIONS TO DISCLOSURE UNDER RULE 26(a)(1):**

PLAINTIFF: None.

DEFENDANTS: Defendants have no objections to the Rule 26(a)(1) disclosures provided such disclosures are limited to Plaintiff and not to any putative class.

h) **DISCOVERY PLAN:**

   a. *Initial Disclosures*

The parties do not believe that any changes to the form of initial disclosures are necessary and will exchange initial disclosures by May 28, 2014.

   b. *Schedule for Discovery*

The parties anticipate exchanging initial disclosures followed by written discovery. Defendants will take the Plaintiff's deposition. Plaintiff will take the depositions of Mahrouq and any representatives of Automax. Plaintiff will also take the depositions of co-workers and other witnesses with knowledge of the matters set out in the following paragraph.

  c.  ***Brief Statement of Subjects of Discovery***

The parties anticipate that discovery will be required on subjects that include, but are not limited to, the following: 1) Plaintiff's hiring, job performance, job duties, working hours, and working relationship with Automax; 2) Automax' employment policies; 3) Automax' payroll records and policies; 4) Plaintiff's and Automax' time records; 5) the lengths of any significant periods where the Plaintiff was on leave or otherwise not working while employed by Automax; 6) Plaintiff's claim for damages and attorneys' fees; 7) the job responsibilities of the individual defendant in relation to his status as an employer under the FLSA; 8) the Defendants' knowledge of the requirements of the FLSA; 9) FLSA coverage if the Defendants do not stipulate to same; and 10) the identity of co-workers and other witnesses with knowledge of the referenced matters.

  d.  ***Phases/Limitations***

The parties do not believe discovery needs to be conducted in phases or limited to particular issues.

  e.  ***Proposed Means for Disclosure or Discovery of ESI***

The parties are not currently aware of any issues related to electronically stored information.

  f.  ***Proposals Regarding the Handling and Protection of Privileged or Trial Preparation Materials that Should be Reflected in a Court Order***

Plaintiff does not believe that a protective order is necessary, but the parties will discuss a Motion for Entry of a Protective Order and proposed Protective Order based upon the types of documents and information that the Defendants seek to protect.

*g.*     *Changes to Federal Rules Governing Discovery*

The parties do not require any changes in the limitations on discovery imposed by the federal and local rules.

*h.*     *Any Other Proposals Regarding Scheduling or Discovery*

The parties do not require any other orders regarding scheduling or discovery at this time.

Respectfully submitted,

*/s/ Robert L. Manteuffel*
Robert L. Manteuffel
Email: rlmanteuffel@sbcglobal.net
State Bar No. 12957529
J.H. Zidell
Email: zabogado@aol.com
State Bar No. 24071840
J.H. ZIDELL, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610

**ATTORNEYS FOR THE PLAINTIFF**

and

*/s/ James Hunter Birch*
James Hunter Birch
State Bar No. 00797991
jim.birch@klgates.com
John M. Farrell
State Bar No. 24059735
john.farrell@klgates.com
K&L GATES LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone:  214-939-5500
Telecopier:  214-939-5849

Grey Pierson
State Bar No. 16002500
greypierson@piersonbehr.com
PIERSON BEHR ATTORNEYS
301 West Abram Street
Arlington, Texas 76010
Telephone: 817-265-7771
Telecopier: 817-861-9008

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 14th day of May, 2014.

                                            */s/ Robert L. Manteuffel*
                                            Robert L. Manteuffel
                                            COUNSEL FOR THE PLAINTIFF